UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIUDMILA RAYTMAN, Individually, and on behalf of all other similarly situated consumers,<br><br>            Plaintiff,<br><br>vs.<br><br>JEFFREY G. LERMAN, P.C.,<br><br>            Defendant. | Case No.: 1:17-cv-09681-KPF<br><br>FIRST AMENDED COMPLAINT |

Plaintiff, Liudmila Raytman alleges:

## PRELIMINARY STATEMENT

1.      This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 13 U.S.C. §1367.

3.      Venue is proper in this district under 28 U.S.C §1391(b)

## PARTIES

4.      Plaintiff is a natural person, who at all relevant times has resided in New York, New York and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.      Defendant is a corporation doing business in the State of New York, with its corporate address as 170 Old Country Road, Suite 600, Mineola, New York 11501 and is a "debt collector"

as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

6. Defendant is also considered a "debt collection agency" under NYC Administrative Code 20-489 in that Defendant is engaged in business the principal purpose of which is to regularly collect or attempt to collect debts owed or due to another. Further, Defendant regularly engages in activities traditionally performed by debt collectors, such as contacting debtors through the mail or via telephone with the purpose of collecting a debt.

### FACTUAL STATEMENT

7. On a date better known by Defendant, Plaintiff allegedly incurred a debt stemming from medical treatment.

8. Said treatment was a debt incurred for personal, family or household purposes and not for business purposes.

9. To this end, on October 27, 2016, Defendant sent Plaintiff a dunning letter seeking to collect the alleged debt. Exhibit A.

10. In truth, Plaintiff did not owe the debt and Defendant was prohibited from attempting to collect the debt.

11. Plaintiff is enrolled in New York Medicaid.

12. As per New York's Medicaid rules, Medicaid beneficiary's "**must not be referred to a collection agency** for collection of unpaid medical bills or otherwise billed, *except for applicable Medicaid co-payments*."[1]

---

[1] https://www.health.ny.gov/health_care/medicaid/program/update/2014/feb14_mu.pdf

13. The bill being sought by Defendant in Exhibit A is not an applicable co-payment but rather an attempt to collect the actual debt.

14. By sending a collection letter to Plaintiff to collect on the debt, Defendant misrepresented the status of the debt as collectible, when it is not allowed to attempt to collect the debt from Plaintiff, and Plaintiff is not required to pay it.

## CLASS ACTION ALLEGATIONS

### The Class

15. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

16. Plaintiff seeks certification of the class, initially defined as follows:

> All consumers with a New York address that are enrolled in New York Medicaid that have received collection letters from Defendant concerning medical debts, other than co-payments, within one year prior to the filing of this complaint.

17. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

18. Upon information and belief, Defendant has sent collections letters in attempt to collect a debt to hundreds if not thousands of consumers New York, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

19. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

20. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

21. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

22. The Plaintiff's claims are typical of the claims of the Class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

23. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

24. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

## **Proceeding Via Class Action is Superior and Advisable**

25. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

26. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

27. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

28. Certification of a class is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

29. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

30. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

31. Absent a class action, the Class members will continue to suffer losses borne from Defendants breaches of Class members' statutorily protected rights as well as monetary damages,

thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

32. Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

33. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

34. Defendant's false and deceptive representations to Plaintiff violate the below provisions of the FDCPA.

35. Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

36. Section 1692f provides:

> **§ 1692f. Unfair Practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

6

37.     Plaintiff has been injured by Defendant's illegal conduct.

## COUNT II
## VIOLATION OF NYGBL § 349

38.     Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

39.     Defendant has engaged in deceptive practices by seeking to collect debts from consumers which are not legitimately owed, and representing to unsuspecting consumers that those debts are in fact owed.

40.     Plaintiff has been injured by Defendant's illegal conduct.

WHEREFORE, Plaintiff, Liudmila Raytman, respectfully requests that this Court do the following for the benefit of Plaintiff:

    A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

    B. Enter judgment against Defendant for statutory damages;

    C. Enter judgment for injunctive relief stopping Defendant from collecting debts without a license;

    D. Enter judgment for injunctive relief stopping Defendant from collecting debts against Medicaid recipients;

    E. Award costs and reasonable attorneys' fees;

    F. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

41. Plaintiff demands a jury trial on all issues so triable.

Dated this 3rd day of January, 2018.

                                            Respectfully Submitted,

                                            */s/ Daniel Zemel*
                                            Daniel Zemel, Esq. (DZ9899)
                                            Zemel Law LLC
                                            78 John Miller Way
                                            Suite 430
                                            Kearny, NJ 07032
                                            862-227-3106
                                            dz@zemelawllc.com